IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

(Seattle)

| | |
|---|---|
| Z-FIRM, LLC, a limited liability corporation of the State of Washington,<br><br>Plaintiff,<br><br>v.<br><br>SHIPPING AND TRANSIT, LLC, a limited liability corporation of the State of Florida and MARTIN KELLY JONES, a Canadian citizen,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT |

Plaintiff, Z-Firm, LLC, doing business as Z-Firm (hereinafter "Z-Firm"), for its complaint against Defendants Shipping and Transit, LLC, doing business Shipping and Transit (hereinafter "Shipping and Transit") and Martin Kelly Jones (hereinafter "Jones") alleges as follows:

## THE PARTIES

1. Plaintiff Z-Firm is a Washington State corporation, having a business address of 120 Lakeside Avenue, Suite 101, Seattle, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 1
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

2. On information and belief, Defendant Shipping and Transit is a limited liability corporation of the State of Florida, having a business address of 711 Southwest 24th Avenue, Boyton Beach, Florida.

3. On information and belief, Defendant Shipping and Transit occasionally does business under its corporate name.

4. On information and belief, Defendant Jones is an individual having a residential address of 4573 West First Avenue, Vancouver, British Columbia, V6R 1H7, Canada.

## JURISDICTION AND VENUE

5. This civil action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, 283, 284, 285 *et seq.* Thus, this Court has jurisdiction of this declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 (declaratory judgment actions); 1338(a) (patent actions).

6. Venue with respect to the Defendants is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1),(b)(3) and (d) as well as under 28 U.S.C. § 1400(b) because on information and belief the corporate Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1391(c) and is doing business therein. Defendant Jones is an individual controlling the acts of Defendant Shipping and Transit.

## FACTS COMMON TO ALL COUNTS

7. Z-Firm is a developer and distributor of proprietary software technology to automate and integrate shipping solutions for small business through large e-commerce vendors. "Exhibit A" attached hereto is a true and accurate copy of a web page "http://shiprush.com/shiprush-desktop" referred to herein as "ShipRush Products" or "Accused Products".

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 2
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

8. The Accused Products are also the subject of *inter alia*, U.S. Patent Nos. 7,409,353 and 8,126,821 and other pending Patent Applications.

9. On information and belief, Defendant Jones is the Chief Executive Officer of Defendant Shipping and Transit and controls all the day to day activities of the corporation including all communications with its attorneys.

10. On information and belief, Defendant Shipping and Transit is a non-practicing entity owning or licensed to bring civil actions relating to various patents and alleges that it is the owner of U.S. Patent No. 6,415,207 titled, "System and Method for Automatically Providing Vehicle Status Information" issued July 2, 2002; U.S. Patent No. 6,904,359 titled "Notification Systems and Methods With User-Definable Notifications Based Upon Occurrence of Events", issued June 7, 2005; U.S. Patent No. 6,763,299 titled "Notification systems and Methods with Notifications Based Upon Prior Stop Locations", issued July 13, 2004; and U.S. Patent No. 7,400,970, titled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008 (hereinafter collectively "the Jones Patents" or "the Asserted Patents" and individually "the '207 Patent", "the '359 Patent", "the '299 Patent" and "the '970 Patent", respectively) all assigned to Defendant Shipping and Transit. A true and accurate copy of the Jones Patents are attached hereto as "Group Exhibit B."

11. Defendant Shipping and Transit, under Defendant Jones' direction and control has forwarded demand letters, through its counsel Newport Trial Group to Plaintiff Z-Firm alleging infringement of the Asserted Patents by the ShipRush Products. A true and accurate copy of one of said demand letters dated July 27, 2016 is attached hereto as "Exhibit C." On information and belief, similar demand letters relating to the Asserted Patents were sent to other alleged infringers. Discovery will show that demand letters relating to the Asserted Patents have been sent or have been authorized by Defendant Jones to be sent to third parties in the State of Washington and in this Judicial District.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 3
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

12. Discovery will show that Defendant Shipping and Transit under direction and control of Defendant Jones has been engaged in asserting the Asserted Patents or other Patents in this Judicial District and may still be asserting such Patents.

13. Defendant Shipping and Transit and Defendant Jones placed Plaintiff Z-Firm on notice of Shipping and Transit's U.S. Patent rights and accused Plaintiff of infringing Claim 5 of the '209 Patent, Claim 41 of the '359 Patent, Claim 79 of the '299 Patent, and Claim 1 of the '970 Patent on July 27, 2016. Z-Firm responded by letter dated August 11, 2016 that it would investigate the accusation diligently. See Exhibit D. The Accused ShipRush Products provide software tools for printing physical shipping labels on printers. The ShipRush products integrate with retailer software and/or ecommerce websites (an application) to transparently obtain addressee information, calculates shipping rates potentially using multiple carriers, obtain a label and a tracking number from the selected carrier, and causes the label to be printed. In addition, the Accused ShipRush Products return the tracking number and cost information to the application, and optionally notifies the recipient that a label for the package has been printed. This label printing process is referred to in the ShipRush environment as "shipping." ShipRush comes in two basic forms: ShipRush Web and ShipRush Desktop. ShipRush Web is software that integrates with an ecommerce retailer that is selling merchandise on eBay, Amazon, or the like, or uses certain ecommerce "carts" such as Xencart. The ShipRush software obtains customer name and address information from the retailer's information on the ecommerce site (or cart), allows the retailer to enter certain information like details about the weight and size of the package and particulars about the carrier service to use (e.g., priority overnight delivery) or to overwrite other label information, calculates shipping rates, and obtains a label and tracking number from an application programming interface (API) of the shipping carrier (such as the Shipservice API of FedEx). ShipRush prints the label and returns the cost and carrier tracking number by sending updated information to the ecommerce platform (e.g., eBay, Amazon, Xencart, etc.). "Shipment" in the ShipRush world view refers to printing a label for placement

LOWE GRAHAM JONES PLLC

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 4
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

onto a package and creating packing lists. It does not refer to tendering the package for delivery. "Shipment" in the ShipRush world does not refer to shipping carrier functions. ShipRush does not access any "tracking" API offered by some of the current shipping carriers. Thus, ShipRush has no access to vehicles employed by carriers to deliver packages and thus has no access to vehicle status information.

14. ShipRush Desktop is functionally the same as ShipRush web except, instead of being executed in a web browser, it is executed on a PC to provide printed shipping labels.

## CLAIM FOR RELIEF, COUNT I

### Declaration of Non-Infringement of U.S. Patent No. 6,415,207

15. Z-Firm repeats and realleges each and every allegation of paragraphs 1 through 14 as if recited herein.

16. The Jones '207 U.S. Patent has 15 claims. Of those claims, only Claim 5 has been asserted. That Claim is reproduced below.

> 5. A system for monitoring and reporting status of vehicles, comprising:
> (a) means for maintaining status information associated with a vehicle, said status information indicative of a current proximity of said identified vehicle;
> (b) means for communicating with a remote communication device, said means for communicating including a means for receiving caller identification information automatically transmitted to said communicating means;
> (c) means for utilizing said caller identification information to automatically search for and locate a set of said status information; and
> (d) means for automatically retrieving and transmitting said set of said status information.

The remaining dependent Claims 6 through 9 incorporate each and every element set forth in independent Claim 5 in addition to other elements.

17. Z-Firm's ShipRush Products do not infringe Claim 5 of the '207 Patent nor any of the claims which depend therfrom because they lack *inter-alia* element (a) "means for

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 5
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

maintaining status information associated with a vehicle", (b) "means for communicating with a remote communication device, said means for communicating including a means for receiving caller identification information, automatically transmitted to said communicating means", (c) "means for utilizing said caller identification information", or (d) means for automatically retrieving and transmitting said set of said status information. Thus, Z-Firm's Accused Products do not literally infringe Claim 5 of the Jones '207 U.S. Patent because the RushShip products as shown in "Exhibit A" attached hereto lack one or more elements of Claim 5 and the claims which depend therefrom.

18. Plaintiff Z-Firm's Accused Products are not legally equivalent to any claim of the asserted '207 Patent.

19. Plaintiff Z-Firm has neither directly infringed nor induced, nor contributed to the infringement by others of the asserted '207 Patent by importing, selling or offering to sell in or into the United States vehicle monitory systems that infringe the asserted '207 Patent. The Plaintiff's products shown in Exhibit A do not literally infringe the asserted '207 Patent nor are they legally equivalent to the invention claimed in the asserted '207 Patent.

20. By reason of said acts by Defendants, Plaintiff has been and may continue to be seriously damaged and irreparably harmed unless the Defendants are enjoined by this Court from sending further demand letters to Plaintiff, and potentially Plaintiff's customers thus Plaintiff is without adequate remedy at law.

21. There is an actual and justicable controversy between the parties as to whether Plaintiff Z-Firm or its customers have infringed any valid claims of the Jones '207 Patent.

22. Plaintiff is entitled to and therefore demands a declaratory judgment that it has not infringed Claim 5 or any other valid claim of the asserted '207 Patent, and for an award of damages, costs and attorney's fees as allowable including a trebling of any award.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 6
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

23. This is an exceptional case for purposes of awarding monetary damages, costs and attorney's fees.

**CLAIM FOR RELIEF, COUNT II**

Declaration of Invalidity of U.S. Patent No. 6,415,207

24. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 23 as if recited herein.

25. Claim 5 of U.S. Patent No. 6,415,207 to Jones (the Asserted '207 Patent) is invalid inter alia under 35 U.S.C. §§ 102 and/or 103 in view of the relevant prior art and therefore unenforceable under the U.S. Patent laws.

26. With respect to independent Claim 5 of the Asserted Jones U.S. '207 Patent, said claim is completely anticipated in accordance with pre-AIA 35 U.S.C. § 102(b) by Patent Cooperation Treaty International Application No. PCT/US96/17332 titled "Fully Automated Vehicle Dispatching, Monitoring and Billing", published on May 22, 1997 more than one year prior to the earliest effective filing date of the Asserted '207 Patent. In addition, it would have been obvious to a person of ordinary skill in the relevant art at the time the invention was made within the meaning of 35 U.S.C. § 103 to combine the basic structure of the vehicle dispatching system disclosed in PCT/US96/17332 modified by the Automatic Number Information (ANI) system disclosed in Patent Cooperation Treaty International Application PCT/US90/04512 titled "Emerging Call Location System", published March 7, 1991. True and accurate copies of the Published PCT Applications are attached hereto as Exhibits E and F, respectively. Dependent Claims 6 through 9 of the Asserted '207 Patent are obvious and therefore invalid under 35 U.S.C. § 103 in view of the combined teachings of PCT/US96/17332 and PCT/US90/04512 as those dependent claims relate to obvious variations of the system recited in independent Claim 5.

27. There is an actual and justicable controversy between the parties as to whether Claim 41 of the Jones U.S. '207 Patent is valid and enforceable. Plaintiff Z-Firm is entitled to a

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 7
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

declaratory judgment that Claim 41 of the U.S. Jones '207 Patent is invalid under 35 U.S.C. §§ 102, 103, *et seq.*

## CLAIM FOR RELIEF, COUNT III

### Declaration of Non-Infringement of U.S. Patent No. 6,904,359

28. The Plaintiff repeats and realleges each and every allegation of paragraphs 1-27 as if recited fully herein.

29. The Jones '359 Patent (now expired) has 58 Claims. Asserted Claim 41 is reproduced below:

> 41. A notification system, comprising:
> (a) means for permitting a user to predefine one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location, comprising:
> (1) means for permitting the user to electronically communicate during a first communication link with the notification system from a user communications device that is remote from the notification system *and the vehicle whose travel is being monitored, the notification system being located remotely from the vehicle;* and
> (2) means for receiving during the first communication link an identification of the one or more events relating to the status of the vehicle, wherein the one or more events comprises at least one of the following:
> (b) distance information specified by the user that is indicative of a distance between the vehicle and the location, location information specified by the user that is indicative of a location or region that the vehicle achieves during travel, time information specified by the user that is indicative of a time for travel of the vehicle to the location, or a number of one or more stops that the vehicle accomplishes prior to arriving at the location; and
> (c) means for establishing a second communication link between the system and the user upon occurrence of the one or more events *achieved by the mobile vehicle during the travel.*

30. Z-Firm Accused ShipRush Products do not infringe Claim 41 because they lack *inter alia* (a)(2) "means for receiving during the first communication link an identification of the one or more events relating to status of vehicle, wherein one or more events comprises [a set of options specified by the user] or a number of one or more stops" or any events relating to the status of a vehicle. The Accused ShipRush Products only print labels and send notifications

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 8
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

relating to labels being printed. There is a tracking number printed from ShipRush but the user cannot do anything with this tracking number relative to the carrier. Thus, the Accused ShipRush Product also does not have a (c) "means for establishing a second communication link between the system and the user upon occurrence of the one or more events achieved by the mobile vehicle during the travel." The Accused ShipRush Product is also not legally equivalent to the system recited in Claim 41 of the '359 Patent.

31. There is an actual and justicable controversy between the parties as to whether Claim 41 of the Jones U.S. '359 Patent was infringed.

32. Plaintiff Z-Firm is entitled to a declaratory judgment that Claim 41 of the U.S. Jones '359 Patent was not infringed under 35 U.S.C. § 271, *et seq.*

## CLAIM FOR RELIEF, COUNT IV

<u>Declaration of Non-Infringement of U.S. Patent No. 6,763,299</u>

33. Z-Firm repeats and realleges each and every allegation of paragraphs 1 through 32 as if recited herein.

34. The '299 Patent has 156 Claims. Asserted Claim 79 is reproduced below:

> 79. A system, comprising:
> means for maintaining delivery information identifying a plurality of stop locations;
> means for monitoring travel data associated with a vehicle in relation to the delivery information;
> means for, when the vehicle approaches, is at, or leaves a stop location:
> determining a subsequent stop location in the delivery information;
> determining user defined preferences data associated with the stop location, the user defined preferences data including a distance between the vehicle and the subsequent stop that corresponds to when the party wishes to receive the communication; and
> sending a communication to a party associated with the subsequent stop location in accordance with the user defined preferences data to notify the party of impending arrival at the subsequent stop location.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 9
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

35. Plaintiff Z-Firm's Accused ShipRush Products do not infringe Claim 79 because they lack each and every element of that Claim. Specifically, the Accused ShipRush Products have no information regarding vehicles (associated with shipment or otherwise). The Accused Products only print labels. The Accused Products have no stop locations. The Accused Products have no user defined preferences associated with stop locations. The Accused Products' only users are the seller/retailers. Accordingly, the Accused Products have none of the above means elements and do not literally infringe the Claim. Moreover, the Accused Products are not legally equivalent to the Claim.

36. Thus, there is an actual and justicable controversy between the parties as to whether Claim 79 of the Jones '299 Patent is infringed under 35 U.S.C. § 271, *et seq.* and Plaintiff Z-Firm is entitled to a declaratory judgment that Claim 79 is not infringed.

## CLAIM FOR RELIEF, COUNT V

### Declaration of Non-Infringement of U.S. Patent No. 7,400,970

37. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 as if recited herein.

38. The Jones '970 patent has 11 Claims. Asserted Claim 1 is reproduced below:

> 1. A computer based notification system, comprising:
> (a) means for enabling communication with a user that is designated to receive delivery of a package;
> (b) means for presenting one or more selectable options to the user, the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle that is delivering the package to the user;
> (c) means for requesting entry by the user of a package identification number or package delivery number, each pertaining to delivery of the package;
> (d) means for identifying the vehicle based upon the entry;
> (e) means for requesting entry by the user of contact information indicating one or more communication media to be used in connection with a notification communication to the user;
> (f) means for monitoring the travel data; and

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 10
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(g) means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data.

39. Plaintiff Z-Firm's Accused ShipRush Products do not infringe Claim 1 because they lack one or more elements thereof. Specifically, the Accused ShipRush Products do not "communicate with a user that is designated to receive delivery of a package" (a recipient) other than to email a notification with a tracking number. The users are the shippers, not the package recipients. The Accused Products are not used to communicate with recipients about monitoring travel data. In some instances, the tracking number provided can be used by the consumer to connect to the shipping carrier software to find out travel data. However, there are many other ways to use tracking numbers (e.g., to identify a package). Thus the Accused Products lack element (a) above. The Accused ShipRush Products do not present selectable options regarding activation for instigating monitoring of travel data associated with a vehicle, because they do not provide anything to do with vehicles. ShipRush Products print shipping labels. Thus the Accused Products do not have element (b) "means for presenting one or more selectable options to the user, the selectable option including at least an activation option for instigating monitoring of travel data associated with a vehicle." Users do not enter a packing delivery number or package ID number into the Accused ShipRush user interface. Thus, the Accused Products do not have element (c) "means for requesting entry by the user of a package identification number or package delivery number, each pertaining to delivery of the package." No identification of vehicles is performed by the Accused ShipRush Products. The Accused Products have nothing to do with vehicles and do not monitor travel data. Thus, there is no element (d) "means for identifying the vehicle based upon the entry [of the package identification number or package delivery number]." The Accused Products do not monitor travel data or data associated with vehicles. Thus, the Accused Products lack element (f), "means for monitoring the travel data [associated with a vehicle]; and means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data." Thus, the

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 11
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Accused Products lack, *inter alia* elements (a), (b), (c), (d) and (f) of Claim 1 of the '970 Patent and are neither a literal infringement of the Claim nor legally equivalent thereto.

40.  Thus, there is an actual and justicable controversy between the parties as to whether Claim 1 of the Jones' '970 Patent is infringed under 35 U.S.C. § 271, *et seq.* and Plaintiff Z-Firm is entitled to a declaratory judgment that Claim 1 is not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment by this Court against the Defendants providing:

(a) For a declaration that Claims 5-9 of U.S. Patent No. 6,415,207 are invalid and/or not infringed by the Accused Products;

(b) For a declaration that Claim 41 of U.S. Patent No. 6,904,359 is not infringed by the Accused Products;

(c) For a declaration that Claim 79 of U.S. Patent No. 6,763,299 is not infringed by the Accused Products;

(d) For a declaration that Claim 1 of U.S. Patent No. 7,400,970 is not infringed by the Accused Products.

(e) That the Defendants, their respective agents, servants, employees, attorneys and all other persons in active concert or in participation with each Defendant be preliminarily and permanently enjoined and restrained from making any false statements regarding the Defendants' patent rights with respect to the Accused Products which are likely to confuse the public, or cause mistake, or to deceive the public as to believing that they might be subject to suit in a civil action by virtue of purchasing or using the Accused Products.

(f) For other and further relief as is provided by law and that this Court deems just and equitable.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 12
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Respectfully submitted,
LOWE GRAHAM JONES ᴾᴸᴸᶜ

Dated September 15, 2016

By: /s/ Michael J. Folise
Michael J. Folise, WSBA #15,276
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Phone (206) 381-3300
Fax (206) 381-3301

Dated September 15, 2016

By: /s/ Ellen M. Bierman
Ellen M. Bierman, WSBA #23,224
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Phone (206) 381-3300
Fax (206) 381-3301

Counsel for Centurion Pro Solutions Inc.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT - 13
Civil Action No. [ ]
ZFRM-6-0001 DECLARATORY JUDGMENT COMPLAINT

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301